IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD BOURBEAU,** )<br>**STEVE ALLEN, PERCY MYRICK, and** )<br>**KENYATTE FREEMAN,** )<br>)<br>        **Plaintiffs,** )<br>)<br>**vs.** )<br>)<br>**GUY PIERCE and J. BLUMENSTOCK,** )<br>)<br>        **Defendants.** ) | Case No. 02-cv-1207-MJR |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Before the Court is defendants Guy Pierce and Jaret Blumenstock's ("Defendants") motion for summary judgment (Doc. 123). In this action, Plaintiffs Richard Bourbeau, Steve Allen, Percy Myrick, and Kenyatte Freeman ("Plaintiffs") challenge the conditions they experienced during their confinement at Lawrence Correctional Center, beginning in August 2002. They claim that the Defendants subjected them to repeated strip searches that violated their rights under the Fourth, Fifth, and Eighth Amendments to the U.S. Constitution, portions of the Illinois Constitution, and state laws. Specifically, they claim that they were unnecessarily strip searched after each work shift under circumstances that were degrading and humiliating. Plaintiffs seek injunctive and declaratory relief, as well as compensatory and punitive damages for mental and emotional injuries (Docs. 25, 54).

Defendants seek judgment in their favor on Plaintiffs' various claims and assert qualified immunity as a defense to the claims for damages. In response, Freeman argues that the motion is premature. All plaintiffs argue that material facts remain in dispute and that the defendants are not entitled to judgment in their favor and are not immune from a damage award.

On February 24, 2006, Magistrate Judge Frazier submitted a Report (Doc. 146), recommending that the undersigned District Judge grant in part and deny in part Defendants' motion for summary judgment (Doc. 123). Specifically, Judge Frazier recommended that this Court should, at the close of this case, enter judgment in favor of Defendants on the **§ 1983** claims asserted by Freeman. Further, Judge Frazier recommended that judgment should also be entered in favor of Pierce on the Eighth Amendment claims asserted by Bourbeau, Myrick, and Allen. Finally, Judge Frazier recommended that monetary damages on the **§ 1983** claims should be restricted to nominal and, if appropriate, punitive damages.

Judge Frazier's Report was sent to the parties with a "NOTICE" informing them of their right to appeal by way of filing "objections" on or before March 15, 2006. To date, two parties, Percy Myrick (*See* Doc. 146) and Steve Allen (*See* Doc. 148) have filed objections with this Court.

Myrick and Allen's objections being timely, this Court must undertake *de novo* review of the portions of the Report to which specific Objections were made. **28 U.S.C. § 636(b)(1)(B); Fᴇᴅ. R. Cɪᴠ. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers,* **965 F.2d 298, 301 (7ᵗʰ Cir. 1992).** The Court may accept, reject or modify the recommended decisions, or recommit the matter to the Magistrate Judge with instructions. **Fᴇᴅ. R. Cɪᴠ. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.,* **199 F.3d 902, 904 (7ᵗʰ Cir. 1999).**

Myrick objects to Judge Frazier's Report in three respects: (1) Myrick asserts that Pierce should not be entitled to summary judgment on his Eighth Amendment claim; (2) Myrick argues that he should be entitled to seek compensatory damages on his claims; and (3) Myrick asserts that he has asserted tort claims for sexual misconduct under Illinois law.

Allen raises four points: (1) Allen asserts that summary judgment should not be

granted in favor of Defendants on his Fourth and Fifth Amendment claims, (2) like Myrick, Allen asserts that Pierce should not be entitled to summary judgment on his Eighth Amendment claim, (3) as does Myrick, Allen argues that he should be entitled to seek compensatory damages on his claims, and (4) Allen object to Magistrate Judge Frazier's recommendation in regards to the Plaintiffs' state law claims for unreasonable search and seizure.

As to Allen's first and fourth "objections," Judge Frazier recommended that this Court **deny** the Defendants' motion for summary judgment on Plaintiffs' Fourth and Fifth Amendment claims, as well as the Plaintiffs' state law claims for unreasonable search and seizure. Accordingly, the Court believes Allen's "objections" on these issues are the result of a misunderstanding of the summary judgment procedure and will disregard these portions of Allen's objection.

**Factual History:**

In late summer of 2002, defendants Pierce and Blumenstock discovered inmate thefts from the dietary department at Lawrence Correctional Center. They determined that inmates were stealing food to make "hooch," a home-made intoxicant. Inmate manufacture and possession of "hooch" is prohibited because of the negative effect intoxicants have on institutional safety and security. Shortly after the thefts were discovered, defendant Pierce ordered security staff to strip search third-shift inmate dietary workers at the end of each shift. Prior to this time, inmate dietary workers were subjected to pat-down searches and were monitored with video surveillance cameras. These efforts proved ineffective in preventing food theft.

Defendants Pierce and Blumenstock selected a storage room as the location for the

strip searches, believing that the room offered an acceptable degree of privacy. They did not believe video cameras recorded activity inside the storage room. The storage room had no windows in the walls; however, there were large windows in two doors and possibly an opening in one wall. Defendants Pierce and Blumenstock arranged for security staff to take inmates to the storage room to undress and be searched but made no attempt to cover the windows or opening. They did not ask female staff members to search inmates.

The strip searches began in late August, 2002. Inmates were searched alone or in groups by one or more correctional officers. Additional officers stood outside the doors and observed the searches. The searching officers wore gloves and typically searched the front of the inmate, instructed the inmate to turn around and bend over, and then searched the inmate from behind. Although contraband items were not discovered as a result of the strip searches, the searches continued through April, 2003.

Female officers observed and performed some of the strip searches. Some officers physically touched the inmates during the search by using their hands to lift genitals or spread buttocks. Some officers joked, made wisecracks, or taunted the inmates.

Defendants Pierce and Blumenstock observed male officers conduct the strip searches on occasion. Defendant Pierce did not see female officers observe or perform strip searches. Neither Pierce nor Blumenstock saw correctional officers touch inmates during a search. Neither defendant touched inmates in an inappropriate manner during a search.

The plaintiffs questioned or protested the searches and sought relief through a grievance procedure, to no avail. Defendant Blumenstock advised plaintiffs and other inmates that defendant Pierce had ordered the searches. He warned them that any refusal to obey that order would

be treated as a disciplinary infraction, which would lead to a housing reassignment and loss of their job.

Defendant Pierce reviewed and agreed with a recommendation that inmate grievances regarding the strip searches be denied after a grievance officer determined that proper procedures were being followed and that inmates were being searched for safety and security purposes.

During the relevant time period, the Illinois Administrative Code provided as follows:

> Strip searches and visual searches of anal or vaginal body cavities of committed persons shall be conducted by persons of the same sex as the committed person and in an area where the search cannot be observed by persons not conducting the search, except in cases of emergency.

**20 Ill. Admin. Code § 501.220(b)(2)**.

The Code also provided:

> Intrusive searches of anal or vaginal body cavities of committed persons may be performed by medical persons when a reasonable suspicion exists that contraband may be hidden in a body cavity.

**20 Ill. Admin. Code § 501.220(b)(3)**.

Plaintiff Myrick was never searched by female officers but noticed defendant Blumenstock and female officers watch through the window on some occasions. The officers performing the search did not touch Myrick in an inappropriate manner; however, Myrick was verbally taunted by defendant Blumenstock and other correctional officers. Myrick was strip searched more than 200 times. He felt embarrassed and humiliated, experienced mental stress, became anxious about the risk of sexual assaults, and developed a new attitude toward correctional officers. He attempted to obtain treatment from a psychiatrist, without success.

Plaintiff Allen was searched by male officers over a period of approximately 60 days. The searching officers did not touch him during the search. Once or twice, he noticed a female

officer watch through the window. He heard officers make abusive jokes. Defendant Blumenstock was present during the searches once or twice. He told Allen that if he did not submit to the search, he would go to segregation, lose his job and state pay and have his classification downgraded to "C" grade. Allen experienced feelings of humiliation and embarrassment.

In the dietary department at Lawrence Correctional Center, inmate workers do not have access to food items sometimes used to make "hooch" such as sugar, chips, cookies, seasonings, and spices. These items are kept in a secure, locked storage room. When items are needed for meal preparation, members of the dietary staff unlock the storage room, use the food items, and secure any unused portions. In addition, cell compliance checks are made each morning at Lawrence Correctional Center. During these checks, inmate personal property is inspected. In plaintiff Myrick's opinion, inmates could not make "hooch" in their cells without detection.

**Analysis:**

Myrick and Allen raise a total of three valid objections to Judge Frazier's Report and Recommendation. The Court considers each in turn.

*Summary Judgment as to Pierce on Allen and Myrick's Eighth Amendment Claim*

Allen and Myrick argue that Judge Frazier erred in finding that Pierce was entitled to summary judgment on their Eighth Amendment claims.

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law.

*Santaella v. Metropolitan Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986);** *Ulichny v. Merton Community School Dist.*, **249 F.3d 686, 699 (7th Cir. 2001);** *Miranda v. Wisconsin Power & Light Company*, **91 F.3d 1011, 1014 (7th Cir. 1996).**

"The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." *Meriwether v. Faulkner,* **821 F.2d 408, 415 (7th Cir.1987) (citing** *Rhodes v. Chapman,* **452 U.S. 337, 346 (1981);** *Caldwell v. Miller,* **790 F.2d 589, 600 (7th Cir.1986)).** In evaluating Eighth Amendment claims, courts conduct both an objective and a subjective inquiry. The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* **511 U.S. 825, 834 (1994) (quotations omitted).** If the conditions complained of pass this threshold, courts then must determine the prison official's subjective state of mind; that is, whether "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* **at 847;** *see also Johnson v. Phelan,* **69 F.3d 144, 149 (7th Cir.1995)***.*

In the context of bodily searches performed upon those incarcerated in our prison system, only those searches that are "maliciously motivated, unrelated to institutional security, and

hence 'totally without penological justification'" are considered unconstitutional. *Meriwether,* 821 F.2d at 418 (quoting *Rhodes,* 452 U.S. at 346); *see also Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir.2003). In other words, the search must amount to "'calculated harassment unrelated to prison needs,'" *Meriwether,* 821 F.2d at 418 (quoting *Hudson v. Palmer*, 468 U.S. 517, 530 (1984)), with the intent to humiliate and inflict psychological pain. *Fillmore v. Page*, 358 F.3d 496, 505 (7th Cir.2004) (citing *Calhoun*, 319 F.3d at 939).

Viewing the facts of this matter in the light most favorable to Allen and Myrick, this Court agrees with Judge Frazier's conclusion that Pierce is entitled to judgment as a matter of law on Allen and Myrick's Eighth Amendment claims. In order to prevail on this claim, Allen and Myrick would have to show that Pierce's order for the searches was "totally without penological justification." *Rhodes,* 452 U.S. at 346. Yet, Pierce articulated cogent reasons for why he instituted the procedure as experienced by Myrick and Allen, supplying the "penological justification" necessary to defeat Allen and Myrick's constitutional claims as a matter of law. Specifically, Pierce believed the strip searches reduced the opportunity for inmates to steal food to make "hooch." In crediting Pierce's justification for this policy, we acknowledge that "[p]rison officials must be accorded wide-ranging deference in matters of internal order and security." *Meriwether,* 821 F.2d at 417; *see also Johnson,* 69 F.3d at 145 (noting that the animating theme of the Supreme Court's prison jurisprudence is the requirement that judges respect hard choices made by prison administrators).

Most important to this analysis, however, is the fact that although Allen and Myrick allege that the searches were excessive and abusive, the Plaintiffs do *not* assert that Pierce's offered reason for the search is merely pretextual. It is undisputed, therefore, that Pierce's actions in regard

to Myrick and Allen's Eighth Amendment claims – ordering the searches – were done *with* "penological justification." Accordingly, Pierce is entitled to judgment as a matter of law on these claims.

*Allen and Myrick's Objections Regarding Compensatory Damages*

Allen and Myrick both argue that Judge Frazier erred in finding that they are barred from seeking compensatory damages on their claims for mental suffering. Judge Frazier found that although Myrick and Allen present evidence of humiliation and mental anguish, the underlying record reveals no evidence that any of the plaintiffs suffered physical injury. Myrick and Allen do not contest this finding, but rather argue that severe emotional distress alone can provide the basis for compensatory damages.

**42 U.S.C. § 1997e(e)**, which is part of the **Prison Litigation Reform Act of 1996, 110 Stat 1321 ("PLRA")**, provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." **Civil Rights of Institutionalized Persons Act, § 7(e), 42 U.S.C.A. § 1997e(e).** This provision applies to constitutional as well as non-constitutional torts. *Cassidy v. Indiana Dept. of Corrections,* **199 F.3d 374, 376 (7th Cir. 2000).** This statute applies to both Myrick and Allen bars them from recovering compensatory damages in light of their failure to even *allege* physical injuries.

Those cases that Allen and Myrick cite for support in asserting that they *can* recover compensatory damages for mental anguish do not support their arguments. In *Daskalea v. District of Columbia,* **227 F.3d 433 (D.C. Cir. 2000),** the plaintiff was a *former inmate* – unlike Allen and

Myrick – and thus was not subject to **42 U.S.C. § 1997e(e)**. Both ***Scher v. Engelke,* 943 F.2d 921 (8th Cir. 1991),** and ***Hicks v. Frey,* 992 F.2d 1450 (6th Cir. 1993),** stand for the proposition that "an actual injury is not required for a finding of an Eighth Amendment violation." ***Hicks,* 922 F.2d at 1457.** Admittedly, this proposition is helpful to Allen and Myrick's case from an overall standpoint, as it allows them the possibility of succeeding on their Eighth Amendment claims despite not having suffered physical injury. Nevertheless, these cases do not refute a finding that in order for a *prisoner* to recover *compensatory* damages for *mental anguish* that prisoner must have suffered physical injury. Accordingly, the Court **ADOPTS** Judge Frazier's recommendation on this point; Allen and Myrick's monetary damages on their **§ 1983** claims are restricted to nominal and, if appropriate, punitive damages.

*Myrick's Claims of Sexual Misconduct and Custodial Sexual Abuse*

In his Report and Recommendation, Judge Frazier did not address the Defendants' arguments regarding Myrick's claims of criminal sexual abuse and custodial sexual misconduct, finding that "[P]laintiffs are not attempting to assert tort claims under Illinois common law" (Doc. 146). Myrick objects to this finding, arguing that he did in fact assert tort claims of sexual misconduct and custodial sexual abuse.

In this case, Myrick's underlying Complaint states: "plaintiffs ... allege the torts of sexual misconduct [and] custodial sexual abuse ... violations of ... 720 ILCS 5/12-15, 720 ILCS 5/11-9.2" (Doc. 25, p.5). The Illinois statutes that Myrick claims Defendants have violated are *criminal* statutes. ***See* 720 ILCS 5/12-15 ("Criminal sexual abuse")**; **720 ILCS 5/11-9.2(c)("custodial sexual misconduct is a Class 3 felony").** Accordingly, the only purpose that these allegations can

serve in this *civil* matter is as a basis from which this Court might imply a private cause of action.

"The question whether a statute creates a private cause of action, either expressly or by implication, is basically a matter of statutory construction." ***Transamerica Mortg. Advisors, Inc., v. Lewis,* 444 U.S. 11, 15 (1979).** "[W]hat must ultimately be determined is whether [the drafters of the statute] intended to create the private remedy asserted ...." *Id.* **15-16.** Looking carefully at the language of the two Illinois criminal statutes in question, this Court finds nothing that would imply that they are intended to create the "[private] tort claim of sexual misconduct and custodial sexual abuse," that Myrick asserts (Doc. 147, p.3). Accordingly, the Court **ADOPTS** Magistrate Judge Frazier's conclusion that Myrick has not validly asserted a tort claim for sexual misconduct and custodial sexual abuse.

For the foregoing reasons, pursuant to **28 U.S.C. § 2254(b)(1)**, this Court overrules all of Allen and Myrick's objections (Docs. 147, 148). As to the remaining parties in this matter, those parties have not filed objections, and the period in which such objections may be filed has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review as to any remaining portions of Judge Frazier's Report. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).**

Accordingly, the Court **ADOPTS** *in its entirety* Magistrate Judge Frazier's Report & Recommendation (Doc. 146), and **GRANTS in part** and **DENIES in part** Defendants' motion for summary judgment (Doc. 123). The Court **GRANTS summary judgment** in favor of both defendants Pierce and Blumenstock on the **§ 1983** claims asserted by Kenyatte Freeman. Further, this Court **GRANTS summary judgment** in favor of Pierce on the Eighth Amendment claims

asserted by Bourbeau, Myrick, and Allen. Monetary damages on the Plaintiffs' **§ 1983** claims are restricted to nominal and, if appropriate, punitive damages.

The following claims remain pending in this case: (1) Bourbeau, Allen, and Myrick's Fourth and Fifth Amendment claims against *both* Blumenstock and Pierce, (2) Bourbeau, Allen, and Myrick's Eighth Amendment claims *only* against Blumenstock, and (3) Bourbeau, Allen, Myrick, and Freeman's claims against *both* Blumenstock and Pierce asserting that the searches violated portions of the Illinois Constitution prohibiting unreasonable search and seizure.

**IT IS SO ORDERED.**

**DATED this 16th day of March, 2006.**

>	**s/ Michael J. Reagan**
>	**MICHAEL J. REAGAN**
>	**United States District Judge**