IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PERCY MYRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02-cv-1207-MJR |
| ) | |
| GUY PIERCE and ) | |
| JARET BLUMENSTOCK, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**REAGAN, District Judge:**

On March 30, 2008, the Court received a letter from Plaintiff Percy Myrick stating that he has had difficulty in obtaining access to the law library in the Danville Correctional Center (Doc. 214). He explains that he has filed a grievance, which is currently pending with respect to this issue, and requests that this Court issue an Order ensuring that he have access to the law library.

"[F]ederal courts are most reluctant to interfere with the internal administration of state prisons because they are less qualified to do so than prison authorities." ***Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997).** Inmate use of law library facilities requires the expenditure of staff time and other resources. As long as a constitutional level of access is afforded to plaintiff, prison authorities are entitled to make the necessary decisions about allocation of prison resources without interference by this Court.

Prisoners do not have a constitutional right to browse in a law library. ***Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir.1995).** A prison system is not required to provide unlimited access to a law library, even for pro se litigants. ***Martin v. Davies*, 917 F.2d 336, 340 (7th Cir.1990), cert. denied, 501 U.S. 1208 (1991).**

In light of these standards, the Court finds that the Plaintiff's letter does not include a sufficient showing that he has been denied access to the law library in an unconstitutional manner. Accordingly, the Court **DENIES** Plaintiff's motion (Doc. 214).

**IT IS SO ORDERED.**

**DATED this 2d day of May 2008.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**